SUPREME COURT. New York General Term, May, 1863.
*Sutherland, Barnard* and *Clerke,* Justices.

JAMES RHODIHAN, plaintiff in error, *v.* THE PEOPLE, defendants in error.

Where a person is tried on an indictment charging him with stealing. from the person property of more than twenty-five dollars in value, and it is proved on the trial that the property stolen from the person was of less than twenty-five dollars in value, it is erroneous for the court to refuse to charge that the defendant can be found guilty of petit larceny only, and to charge that, if the defendant stole from the person the sum of eighteen dollars only, he may be found guilty of the offense charged in the indictment.

It is the duty of the court, in such a case, to instruct the jury to find whether the property stolen from the person was worth more or less than twenty-five dollars.[1]

THE defendant was indicted, charged with having, on the 31st day of January, 1862, at the city of New York, stolen certain moneys, &c., to an amount exceeding twenty-five dollars, from the person of Sarah Sidney, and pleaded not guilty.

The indictment was brought on for trial, in the Court of General Sessions of New York, in March, 1862, before JOHN H. McCUNN, city judge, and a jury.

On the trial, it was proved by the prosecution that the defendant stole from the person of Sarah Sidney, on or about the 30th day of January, 1862, twenty-three dollars and thirty-one cents, whilst said Sarah Sidney was in a stage in Grand street, in said city.

No evidence was given, proving, or tending to prove, that the defendant stole any other or greater sum than above specified.

No evidence was given on behalf of the defense. The district attorney asked for a verdict of guilty under the indictment.

---

[1] NOTE. — The 33d section of chap. 608 of 1860, under which this indictment was found, was applicable only to the city of New York; but, by the 2d section of chap. 374 of 1862, the same law is made applicable to the entire State.

Rhodihan *v.* The People.

Counsel for the defendant asked the court to charge the jury that they could only find the defendant guilty of petit larceny.

The court refused so to charge, to which the counsel for defendant excepted.

The court then charged the jury, that, if they found the defendant stole from the person of Sarah Sidney the sum of eighteen dollars, they might render a verdict of guilty under the indictment; to which the counsel for defendant excepted.

The jury returned a verdict of "guilty" on the whole indictment, and the prisoner was sentenced to imprisonment in the penitentiary for the term of two years.

A writ of error was then brought to this court.

*Henry L. Clinton,* for the plaintiff in error.

The court below erred in charging the jury, " that if they found that defendant stole from the person of Sarah Sydney the sum of eighteen dollars, they might render a verdict of guilty under the indictment."

The court charged the jury that they might convict of *grand* larceny from the person, upon a state of facts constituting *petit* larceny from the person.

The statute (*Session Laws* 1860, *p.* 1016, § 33), under which the prisoner was convicted, provides in substance that whoever shall, in the city and county of New York, steal from the person of another, "may be punished as for *grand* larceny (not *convicted* of grand larceny), although the value of the property taken shall be less than twenty-five dollars." The Court of Appeals accordingly held, in *Williams* v. *The People* (24 *N. Y. R.*, 405), that a charge precisely like the one excepted to in the case at bar, was erroneous, and granted a new trial on that ground.

In *Williams* v. *The People*, the court below charged the jury "that if they found that the defendant stole from the person of Eliza Denike the sum of seven dollars, they might render a verdict of guilty under the indictment." (*p.* 406.) The charge of the court below, in the case at bar, was in the very words of the charge in the case of *Williams* v. *The People*, the

Rhodihan *v.* The People.

only difference being that the sum specified in the one case was seven dollars, and the other was eighteen dollars. This amount however, is immaterial, as long as the sum in neither case was over twenty-five dollars, that being the dividing line between petit and grand larceny. In *Williams'* *case*, the court held that the words, "may punish as for grand larceny," did not mean "*shall* punish as for grand larceny," but that it was discretionary with the court whether to punish as for a *grand* . or *petit* larceny. Upon conviction for grand larceny, the sentence could not be for less than two years' imprisonment.

The only statutory provisions relative to the punishment for grand larceny, whether from the person or otherwise, are the following:

"Every person who shall be convicted of the felonious taking and carrying away the personal property of another, of the value of more than twenty-five dollars, shall be adjudged · guilty of grand larceny, and *shall* be imprisoned in a State prison for a term not exceeding five years." (3 *R. S.*, 958, § 65, 5*th ed.*)

"Whenever any person, under the age of twenty-one, and above the age of sixteen years, shall be convicted of an offense punishable with imprisonment in the State prison, in either of the judicial districts of the State, having a penitentiary within said judicial district, the court, before which such conviction shall be had, may, in its discretion, sentence the person so convicted to imprisonment in the penitentiary situated in that judicial district." (*Laws* 1856, *p.* 251, § 1.)

It will be perceived that upon the general verdict of guilty, on the indictment in the case at bar, the court below was compelled to sentence the prisoner for not less than two nor more than five years' imprisonment. The law of 1856 did not lessen the *term*, but merely gave the court power, in its discretion, to select a different *place* of imprisonment when the convicts were between certain ages. The conviction, under the charge of the court for *grand* larceny from the person, instead of *petit* larceny from the person, was fatal to the legal right of the prisoner in this case, as in the case of *Williams* v. *The People*

(*supra*). From the fact that Rhodihan was sentenced to " the penitentiary of the city of New York for the term of two years," instead of the State prison, the presumption is, that the court below ascertained that he was between the ages of sixteen and twenty-one; but this consideration does not take away from the prisoner his legal right, specifically adjudicated in the case of *Williams* v. *The People,* to have a verdict of *petit* larceny from the person; because, upon the rendition of such a verdict the court might, in its discretion, award to him only the punishment prescribed by statute for one " adjudged guilty of petit larceny," which is, that he " shall be punished by imprisonment in a county jail not exceeding six months, or by a fine not exceeding one hundred dollars, or by both such fine and imprisonment. (3 *R. S.,* 971, § 1, *5th ed.*)

In *Williams* v. *The People* (24 *N. Y. R.,* 409), DENIO, J., in delivering the unanimous opinion of the court, says: " If the amount stolen had been truly stated in the verdict, the judgment might, notwithstanding the statute, have been that annexed by law to a simple petit larceny. As the judge who tried the issue was also to pronounce the sentence, it is altogether improbable that the error in form, which I suppose to have been committed, has at all prejudiced the defendant. But it is very plain to my mind that an accused person has *an absolute right* to have such instructions on matters of law given to the jury as will shield him from a verdict for a different and higher offense from that of which he is proved guilty." Upon this precise point the Court of Appeals unanimously granted a new trial.

In the case at bar, Rhodihan was proved guilty of one offense, and the court, by charging the jury that they " might render a verdict of guilty under the indictment," charged them in substance that they might render " a verdict for a different and higher offense from that of which he was proved guilty." This was clear and unmistakable error.

*A. Oakey Hall* (District Attorney); for the People.

The record shows that the plaintiff in error was convicted, not by a general verdict of guilty " of the *felony* above

Rhodihan *v.* The People.

charged in the form aforesaid, as by the indictment aforesaid is above alleged against her" (which was the record in the *Williams case*), but was "in due form of law tried and convicted by a jury on an indictment for larceny from the person of one Sarah Sydney, the personal property of one John J. Sydney."

Therefore, the conviction of this plaintiff in error was one in accordance with the statute, and is distinguishable from the Williams precedent.

1. The Court of Appeals, in the *Williams case* (*pp.* 408, 409), emphasize the "*general verdict* of guilty" as the matter injuring the prisoner.

And that court so disposed of the questions of unconstitutionality and petit larceny that they cannot be argued now.

2. In the error book before the court the evidence of the sums stolen, in connection with the verdict, shows conclusively that it was not a conviction for *grand* larceny, but for petit larceny from the person.

*a.* True, the record says simply "larceny;" but it adds, "from the person." Now, there can be *grand* larceny from the person *only* when it is stolen in the night time (§ 65, *R. S., on Larceny*). And the indictment does not allege such a season for the larceny.

Thus, a verdict guilty of larceny from the person would point to the "petit" species of larceny from the person.

Unless the adjective grand is prefixed, the presumption is (*in favorem libertatis*) that the word larceny means "petit."

3. The direction of the court in *Williams'* case was that they might render a *general* verdict of guilty.

*a.* The Court of Appeals, in *People* v. *Guenther* (24 *N. Y. R.*, 100), have shown a liberal disposition in construing a verdict, when the record and the evidence together become explanatory of the verdict.

*b.* Although the bill of exceptions interpolates "verdict of guilty on the whole indictment," nevertheless it cannot contradict the record, which states the verdict.

4. The conviction should be affirmed, and, if the prisoner

relies upon the entry of verdict as in bill of exceptions, and the court think it material, he should be put to allegation of diminution of record, and again bring the point before the court.

*By the court,* CLERKE, J. I confess I am unable to distinguish this case from that of *The People* v. *Williams* (24 *N. Y. R.,* 405). In that case, the counsel for the defendant asked the court to charge the jury that they could only find the defendant guilty of petit larceny; but the court refused, and the counsel excepted. The court thereupon charged the jury that, if they found that the defendant stole from the person of Eliza Denike the sum of seven dollars, they might render a general verdict of guilty under the indictment; to which the defendant's counsel excepted. In this case, in precisely the same words, the counsel for the defendant asked the court to charge the jury that they could only find the defendant guilty of petit larceny; the court refused, and the defendant's counsel excepted. The court then charged the jury that, if they found the defendant stole from the person of Sarah Sidney the sum of eighteen dollars, they might render a verdict of guilty under the indictment; to which the counsel for the defendant excepted. The only difference between this part of the charge in this case and the corresponding part in the *Williams case,* is the omission of the word "general" before the word verdict in the former; which, of course, is an unessential difference.

The counsel for the People, however, insists that, by the record, the conviction is essentially different in this case from that in the *Williams case.* In this case the record says that the defendant was, in due form of law, tried and convicted by a jury on an indictment for larceny from the person of one Sarah Sidney, &c.; whereas, in the *Williams case,* "the defendant was found guilty of the felony above charged, in the form aforesaid, as by the indictment aforesaid is above alleged against him." The words are somewhat different; but I cannot find any essential difference in these records of conviction. In both cases, the indictments charge the defendants with crimes constituting grand larceny—in the one case of stealing property

exceeding the value of twenty-five dollars from the person of Sarah Sidney; in the other, of stealing property exceeding that amount from the person of Eliza Denyke. The convic- ion, then, as it appears on the record, is a conviction in both cases of grand larceny; which is not the crime of which either was actually guilty, although made liable by the act of 1860 to the punishment attached to grand larceny. Although liable to this punishment, still it is settled by the Court of Appeals that the court is not compelled to award it; but the judgment might, notwithstanding the statute, have been that annexed by law to a simple petit larceny, if the court deemed such a miti- gation of punishment advisable. As the conviction, however, is recorded in this case, the court had no discretion as to the period of the punishment. This conviction, under charge of the court, for grand larceny from the person, instead of petit larceny from the person, compromised the rights of the defend- ant, as the conviction of a general verdict of guilty compro- mised the right of Williams in the case to which I have adverted.

The judgment should be reversed, and a new trial ordered.

